[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit came to this court by writ, summons and CT Page 554 complaint filed on September 27, 1993, and returnable October 12, 1993, seeking money damages, interest, costs, attorney's fees, punitive damages and reinstatement of a certain mortgage to its original priority.
A copy of a mortgage deed from Charles and Rae DelGrosso to the plaintiff accompanied the complaint along with other documents.
The defendant Rae DelGrosso filed a pro se appearance on September 23, 1993. The defendant People's Bank filed an appearance on October 28, 1993. A motion for default for failure to plead as to the defendant Rae DelGrosso was granted by the clerk on November 19, 1993.
A motion for default for failure to plead as to the defendant People's Bank was granted by the clerk on November 19, 1993. The Town of Groton appeared by counsel on February 2, 1994. On February 25, 1994, the defendant Town of Groton disclosed it had no defense to the lawsuit.
A motion for judgment after default as to the named defendants was denied by the court, Hendel, J., on March 28, 1994.
The plaintiff, by motion dated June 21, 1994, sought to compel the defendant Rae DelGrosso to file an answer to the complaint which motion was granted by the court, Leuba, J., on July 5, 1994. On July 5, 1994, the defendant Rae DelGrosso filed an answer and special defense.
The defendant Rae DelGrosso admitted paragraphs 1, 2, 3, 4, 7, 8, 9 and 14 of the first count of the complaint. DelGrosso denied paragraphs 5, 6 and 10 and left the plaintiff to its proof on paragraph 11 of said first count.
The defendant DelGrosso did not answer nor respond nor plead to paragraphs 12, 13 and 15 of the first count of plaintiff's complaint. The alleged answers to the second count are at best confusing having in mind that all the paragraphs in count one were not responded to. By way of special defense, the defendant DelGrosso merely states that the mortgage to plaintiff was released.
The court makes the following findings of fact. CT Page 555
Ian Williams is employed by the plaintiff First Union as branch manager of its Stratford office and is familiar with the DelGrosso mortgage file.
The DelGrosso mortgage is in the face amount of $45,000, is dated December 15, 1989, the mortgagors are Charles DelGrosso and Rae DelGrosso, the mortgage runs to First Union and covers premises known as 89 Spicer Avenue, Groton, Connecticut.
The mortgage is recorded on the Groton Land Records in Vol. 504 at page 423, et seq. See Plaintiff's Exhibit 1.
It should be noted that the mortgage deed offered and allowed by the court is not a certified copy, nor was the original instrument exhibited to the court, but this action is not one seeking foreclosure. The copy of the mortgage deed, Plaintiff's Exhibit 1, does reflect the recording data thereon by the Groton Town Clerk. See also Plaintiff's Exhibit 3.
The original mortgage deed and note are still held by the plaintiff First Union.
The records of First Union contain no evidence of payment in full of the subject mortgage. At the time of trial, First Union withdrew and abandoned its claim of fraudulent representations on the part of the defendant Rae DelGrosso. DelGrosso asked for the rewrite of the October 3, 1989 mortgage due to alleged errors. The court finds no errors in the description of the real estate as the wording in Plaintiff's Exhibit 1 and Plaintiff's Exhibit 3 are exactly the same. The interest rate increased in Plaintiff's Exhibit 1 over Plaintiff's Exhibit 3, as did the monthly payments of principal and interest. The court is at a loss as to why the rewrite was required.
Rae DelGrosso is one of the owners of premises known as 89 Spicer Avenue, Groton. The defendant Rae DelGrosso does not dispute that "her husband took out the loan". The court notes that Charles DelGrosso is not a party to this action. The defendant Rae DelGrosso does not claim that the mortgage debt has been paid. The defendant Rae DelGrosso indicated to the court that she was on some sort of medication at the time of trial. In the opinion of the court, the defendant DelGrosso CT Page 556 appeared to be in full possession of all of her faculties, articulate and competent.
Both the October 3, 1989 mortgage and the December 15, 1989 mortgage were released. See Plaintiff's Exhibits 2 and 4. See also Plaintiff's Exhibit 5.
The defendant DelGrosso acknowledged at trial making payments to First Union in November 1990, January 1991, February 1991, and April 1991. In examining the collection of checks and copies of money orders in Defendant's Exhibit 1, and on comparing the signature on these remittances to First Union or its processing agent Associates Financial Services with the signature on the mortgage deed, Plaintiff's Exhibit 1, they appear to the court to be identical.
The defendant DelGrosso claimed at trial that her signature may have been forged. In her responsive pleadings and special defense, no such claim is made or raised.
The witness Ian Williams testified that the December 15, 1989 mortgage was released by mistake. The mistake was either clerical or due to confusion concerning the rewrite of the October 3, 1989 mortgage for alleged errors. The defendant Rae DelGrosso claims that she has no contact with her husband, that he paid the mortgage debt, and in any event, forged her name on the documents. The defendant Rae DelGrosso denied that the signatures on Plaintiff's Exhibits 1 and 3 were hers but offered no expert testimony thereon.
The defendant Rae DelGrosso claims that she was hospitalized on the dates of the mortgage deed execution, but an examination of the myriad of documents constituting Defendant's Exhibit 1 fails to support this claim.
The court feels that the case of Connecticut NationalBank v. Chapman, 153 Conn. 393 (1966), particularly at page 397, is clearly relevant and controlling.
"Equity always looks to the substance of a transaction and not to mere form. There being no intention to release a first mortgage lien, its actual release for a momentary period should not in equity permit a subsequent lienor who has not been prejudiced thereby to intervene and acquire priority." SeeLomas Nettleton Co. v. Isacs, 101 Conn. 614. CT Page 557
"One of the most common mistakes connected with releases of mortgages occurs when the mortgage is renewed and the prior lien is released in ignorance of intervening rights. Ignorance in such a case is regarded in equity as equivalent to a mistake and relief will be granted when there is no element of estoppel involved.
We have upheld the power of a court of equity to grant relief from the consequences of an innocent mistake although the mistake was not unmixed with negligence when the failure to do so would allow one to enrich himself unjustly at the expense of another.
Lomas Nettleton Co. v. Isacs, supra. Whether or not a plaintiff will be barred of remedy in equity against the effect of mistake because of his negligence depends to a large extent upon the circumstances of the particular case. 2 Pomeroy Equity Jurisprudence, 5th Ed., p. 1045.
The letter from First Union to DelGrosso (Plaintiff's Exhibit 5), refers to both releases being enclosed and notes the reason for the recording on the land records twice due to the alleged typographical error.
The request for the mortgage rewrite, due to the error, was apparently DelGrosso's.
Plaintiff's Exhibit 2 and 4, the releases show that they were recorded sequentially in Volume 562 at pages 445 and 446. Both releases were dated and recorded the same date.
The December 15, 1989 mortgage was released by mistake and undoubtedly due to negligent inattention. However, the defendant DelGrosso cannot be unjustly enriched by this mistake. The court is not persuaded by her claims of forgery. No evidence other than the defendant's testimony was offered on that point which the court is not inclined to accept.
There is no doubt that the defendant DelGrosso has undoubtedly had more than her share of life's problems, but that does not justify the court sustaining a release of mortgage mistakenly issued.
The court grants the following relief only to the CT Page 558 plaintiff. Reinstatement of the mortgage to its original priority and validity.
Austin, J.